AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:24-mj-261 |
| Kingsley Inegbedion ) | |
| *Defendant* ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence

☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district <u>and to the district of prosecution</u>
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Government presented abundant evidence that Defendant Kingsley Inegbedion's pattern of fraudulent conduct, his lack of strong ties either to the district of arrest or the district of prosecution, and his significant incentives to flee, render him unsuitable for release. The underlying charges involve Defendant's engagement in romance fraud and business-email-compromise schemes that reached across the country. Defendant's co-conspirator was questioned about the scheme and fled to Nigeria before the indictment was filed. Around the same timeframe, Defendant abruptly left the Northern District of Georgia (Atlanta), where he had resided for a decade, and moved to Houston. The timing of Defendant's departure makes it more likely than not that he was attempting to evade law enforcement. This is reinforced by the testimony of an FBI special agent that the co-conspirator contacted Defendant just before fleeing to Nigeria.

Moreover, it is likely that Defendant has the financial resources to flee, as the indictment alleges that the fraud scheme procured over $1.5 million in illicit funds. None of that money has been recovered. And despite having no significant income, Defendant managed to pay at least $29,000 in restitution related to a separate fraud charge in 2023, *see* GX-3, thereby indicating that he has access to the fruits of the fraud.

Defendant also has a strong incentive to flee. The charges in this case carry a significant maximum potential penalty. Although Defendant currently holds legal permanent resident ("LPR") status, the Government presented compelling evidence that the status was fraudulently procured through a fake marriage. Text messages between Defendant and his supposed wife discussed plans to rehearse for the immigration interview and shared names/birthdates of children, thereby demonstrating that the marriage was a mere facade. GX-7. For that reason alone, Defendant's legal status in this country already rests on the slenderest of reeds, as his application for naturalization was denied. *See* GX-6. But Defendant's conviction in this case is also likely to result in his removal from the United States. The threat of deportation magnifies the likelihood that Defendant will flee.

Defendant's connections to this district and the district of prosecution are tenuous, too. There is no indication that Defendant has strong enough ties to his two children in Atlanta to offset his risk of non-appearance. The same goes for Defendant's relationship with his sister, who lives in Houston. His only other tie to Houston is a girlfriend with whom Defendant has been living for only for six months. And, as noted, the evidence suggests that Defendant came here to avoid the impending charges in Georgia.

Moreover, Defendant's pattern of fraudulent behavior raises serious doubts that he would abide by any conditions designed to ensure that he appears in court. He obtained LPR status fraudulently. He was convicted of yet another fraud in 2023 in DeSoto, Mississippi. Although his Nigerian passport was confiscated during that arrest, he filed a false police report in Georgia on March 19, 2024, claiming that his passport was lost and that "he needed a police report to get a new passport." GX-5. This is another strong indication both that Defendant is unreliable and, more importantly, that he was strategizing how to leave the country.

Accordingly, the Court finds that there is no condition or combination of conditions that would reasonably ensure Defendant's appearance if released pending trial. It is therefore **ORDERED** that Defendant Kingsley Inegbedion be **DETAINED**.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: June 20, 2024

_Yvonne Y. Ho_
United States Magistrate Judge